Filed 3/8/23  P. v. Sepulveda CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERT ALLAN SEPULVEDA,<br><br>    Defendant and Appellant. | E079278<br><br>(Super.Ct.No. FVI21001662)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty and Miriam Ivy Morton, Judges.  Affirmed.

Savannah Montanez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Gilbert Allan Sepulveda, pled guilty to two counts of forcible lewd acts on a child under 14 years of age (Pen. Code, § 288, subd. (b)(1), counts 7 & 8).[1] The court sentenced defendant to 20 years of imprisonment.

After counsel from Appellate Defenders, Inc., filed a notice of appeal on behalf of defendant, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying four potentially arguable issues: (1) whether defendant knowingly, intelligently, and voluntarily pled guilty; (2) whether the court sentenced defendant in accordance with the plea agreement; (3) whether the trial court properly imposed the upper term on each count; and (4) whether the trial court properly imposed a criminal protective order. We affirm.

## I. PROCEDURAL BACKGROUND[2]

On April 27, 2021, officers were dispatched to a residence regarding a sex crime with a child. Officers met with the victims' mother, who explained that she had been dating defendant for five years. Victim #1 told her mother that defendant sexually abused her; her sister, victim #2; and her brother, victim #3.

Victim #1 reported that defendant forced her to orally copulate him approximately 20 times. Victim #2 did not feel comfortable speaking to officers or forensic interviewers. Victim #3 reported that defendant made him perform oral copulation on

---

[1] All further statutory references are to the Penal Code.

[2] The parties stipulated that the police reports would provide the factual basis for the plea.

victims #1 and #2. Defendant also compelled victim #3 to perform oral copulation on defendant. Victim #3 witnessed victims #2 and #3 perform oral sex on defendant several times.

On June 11, 2021, the People charged defendant by felony complaint with six counts of oral copulation with a child under 10 years of age (§ 288.7, subd. (b), counts 1-6). On May 10, 2022, pursuant to a negotiated disposition, defendant pled guilty to two added counts of lewd and lascivious acts with a person under 14 years of age (§ 288, subd. (b)(1), counts 7 & 8).

Defendant signed and initialed the plea form reflecting he would be pleading guilty to two counts of lewd and lascivious acts upon a child under the age of 14, for which he would be sentenced to 20 years of imprisonment. Defendant initialed provisions reflecting he understood his rights and waived those rights; that no one had used any form of violence, threats, menace, duress, or undue influence in inducing him to enter the plea; and that he had had sufficient time to consult with his attorney regarding the plea. Defense counsel signed the plea form reflecting he had personally explained the contents of the form to defendant, observed defendant sign the declaration, and concurred in the plea.

In response to the court's questions in open court, defendant indicated that the plea form contained his signature and initials; he acknowledged he had reviewed the form with his attorney prior to signing it; he understood everything on the form; he was not under any threat in signing the form; and, as a result of his plea, he understood the court would sentence him to 20 years of imprisonment. Defense counsel informed the court he

3

had gone over the plea form with defendant, that he was satisfied defendant understood everything on the form, and that he joined in defendant's waivers.

The court found: "After directly examining the defendant, the Court finds that the defendant has read and understands the defendant's declaration and plea form; that the defendant understands the nature of the charges to which he's pleading, all consequences and punishments for the offenses to which he is pleading, [and] each of his constitutional rights. [¶] The Court further finds that the defendant has knowingly, intelligently, freely, and voluntarily waived each of his constitutional rights. [¶] . . . [¶] Court further finds the defendant has personally and orally entered this plea in open court; the plea was entered freely, and voluntarily, knowingly, and intelligently by the defendant; and there is a factual basis which the Court will accept and confirm."

After taking the plea, defendant spoke to the court against defense counsel's advice: "I would like to say that there was evidence on my phone that I believe would help me out with this. And at the beginning of my case two months in, I was told that the phone was lost." The court interrupted: "All right. I'm gonna have you stop because here's the problem, you're either taking this—absolutely, knowingly, and willingly taking this plea or you're telling me that you're not entering this plea willingly because you think something else needs to be done on your case. Do you think something else needs to be done on your case?" Defendant responded, "No."

4

In return for defendant's plea, on the People's motion, the court struck the remaining counts. On June 10, 2022, the court sentenced defendant to 20 years of imprisonment, consisting of two, consecutive terms of 10 years on each count. The court issued a criminal protective order barring defendant from having contact with the victims.

Defendant's notice of appeal challenges both the validity of his plea and the sentence. Defendant requested a certificate of probable cause contending he signed the plea agreement while under duress and his attorney "failed to perform due diligence as required, presenting a so-called 'deal' to sign, one that no reasonable, well-informed individual would ever consider nor agree to." Defendant maintained he "was subject to undue influence by way of my attorney and thus signed the above-referenced 'deal' plea agreement. [¶] It is my strong conviction and belief that said plea agreement was presented to, and signed by me as a result, a byproduct of ineffective assistance of counsel. [¶] In consideration of the above, I hereby and herewith declare my plea agreement unsigned, null and void *ab initio*." The court granted defendant's request for a certificate of probable cause.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

5

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER          

Acting P. J.

We concur:


CODRINGTON        

J.


SLOUGH        

J.